UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MASSOUD JAVIDI,<br><br>  Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT, FAMILY COURT CONTRA COSTA COUNTY, et al.,<br><br>  Defendants. | Case No: 21-cv-05393 SBA<br><br>**ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANT SUPERIOR COURT'S MOTION TO DISMISS** |

Plaintiff Massoud Javidi ("Plaintiff"), proceeding pro se, brings the instant action against Defendants Superior Court, Family Court Contra Costa County (the "Superior Court") and Shirin Farokhian ("Farokhian").  Plaintiff filed his initial Complaint on July 14, 2021, Dkt. 1, and filed the operative Amended Complaint on November 9, 2021, Dkt. 6.

On December 1, 2021, the Superior Court filed a motion to dismiss Plaintiff's Amended Complaint.  Dkt. 10.  The motion is noticed for hearing on January 12, 2022.  Pursuant to Civil Local Rule 7-3(a), a response to the motion was due fourteen days after the date it was filed.  Accordingly, Plaintiff's response to the motion was due by no later than December 15, 2021.  Plaintiff did not timely file a response.

On December 22, 2021, the Superior Court filed a notice of non-opposition, requesting that the Court grant its motion as unopposed.  Dkt. 11.  That same day, Plaintiff filed a document titled "Plaintiff Opposes the No Opposition to Dismissal (Opposes Dismissal Request by the Counsel)."  Dkt. 12.  On December 28, he filed an amended version of the same document.  Dkt. 13.  The filing does not appear to constitute his opposition to the motion to dismiss, however.  Specifically, Plaintiff asserts it was his "understanding" that a response to the motion was "optional" at this stage of the proceedings.  Id. at 2.  He further states that he "will provide a more detailed response if

required by the court," although he then provides "brief comments," some of which appear to address the merits of the motion to dismiss. Id. at 3.

The Court's Civil Standing Order warns that the failure to file a timely response to a motion may be construed as consent to the relief sought in the motion. See Dkt. 2, Civil Standing Order ¶ 7. Consequently, it is within the Court's discretion to grant the Superior Court's motion to dismiss as unopposed. See Fed. R. Civ. P. 41(b); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of pro se action for failure to oppose a motion to dismiss). Mindful of its obligation to consider less drastic alternatives, however, and in view of Plaintiff's recent filing and stated intent to oppose the motion to dismiss, the Court will afford Plaintiff a further opportunity to respond to the motion.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff shall file and serve his opposition to the Superior Court's motion to dismiss by January 21, 2022. Plaintiff is reminded that pro se litigants are required to comply with this Court's orders, as well as all applicable procedural rules, including the Federal Rules of Civil Procedure, the Civil Local Rules, and this Court's Standing Orders. See King v. Atiyeh, 814 F.2d 556, 567 (9th Cir. 1987). **IF PLAINTIFF FAILS TO FILE A TIMELY RESPONSE TO THE MOTION OR TO COMPLY WITH ALL APPLICABLE PROCEDURAL RULES, THE MOTION MAY BE GRANTED AND/OR THE ACTION MAY BE DISMISSED WITHOUT FURTHER NOTICE.**

2. If Plaintiff files a response to the motion within the time prescribed, the Superior Court shall have until January 28, 2022 to file a reply.

3. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court will resolve the motion without oral argument. The hearing set for January 12, 2022 is VACATED.

IT IS SO ORDERED.

Dated: January 10, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge