UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MASSOUD JAVIDI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT, FAMILY COURT CONTRA COSTA COUNTY, et al.,<br><br>　　　　Defendants. | Case No: 21-cv-05393 SBA<br><br>**ORDER GRANTING SUPERIOR COURT'S MOTION TO DISMISS** |

　　　　Plaintiff Massoud Javidi ("Javidi"), proceeding pro se, brings the instant action against Defendants Superior Court, Family Court Contra Costa County (the "Superior Court") and Shirin Farokhian ("Farokhian").  Pending is the Superior Court's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  The matter is suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).  For the reasons stated below, the motion is granted.

## I.　　BACKGROUND

### 　　　A.　　FACTUAL ALLEGATIONS

　　　　The instant action arises out of a family law case in the Superior Court involving Javidi, Farokhian, and their minor son.  First Am. Compl. ("FAC") ¶ 6, Dkt. 6.  Javidi challenges various orders issued by the Superior Court in that case.  The FAC, which spans 45 pages, alleges the Superior Court committed numerous errors "under heavy influence and misrepresentations" by Farokhian and her counsel.  Id. ¶ 8.  According to Javidi, the Superior Court became "complicit with [Farokhian]'s Fraud, Perjuries, and Lies throughout [the family law] case," thereby depriving him of his constitutional rights.  Id. ¶ 7.  The purported errors of the Superior Court generally concern two issues: (1) a "change in

custody" for their son effectuated by the issuance of a temporary restraining order, see id. ¶ 10; and (2) the calculation of child support and disposition of marital assets, including classification of a condo as community property, see id. ¶¶ 11-33.

The FAC is not entirely clear in its recitation of the claims for relief. It sets forth two claims to "void" various orders of the Superior Court, including (a) the custody change and other "child related" orders; and (b) the order for the sale of the condo. FAC at pp. 14-37. It then appears to set forth a third claim to "dismiss" these orders based on purported constitutional violations. Id. at pp. 38-41. The third claim is divided into three subclaims for "procedural due process," "equal protection," and "equal parenting." Id.[1] Regarding procedural due process, Javidi alleges that the Superior Court deprived him of his property notwithstanding a written agreement between him and Farokhian that he was the sole owner of the condo. He further alleges that distribution of all proceeds from the condo sale "to [Farokhian] and her attorney and none to [him] is a gross denial of the equal protection clause of the constitution." Finally, he alleges the Superior Court's orders violated his constitutional rights as a parent, as well as various California Family Code sections.

In his demand for relief, Javidi seeks an order to: vacate the restraining order; restore his equal parenting rights; and vacate the sale of the condo. FAC at 44-45. He further requests that the Superior Court orders regarding child custody, supervised visitation, child support, and title to the condo be "dismissed due to constitutional violation and the violation of the family code/law." Finally, he requests that he be reimbursed for various sums awarded to Farokhian by the Superior Court.

### B.  PROCEDURAL HISTORY

As stated above, the instant action arises out of a petition for dissolution filed in state court, Farokhian v. Javidi, Contra Costa County Superior Court, Case No. MSD17-05734. Javidi has taken several appeals from that action, which have been consolidated and are

---

[1] After setting forth the First and Second Claims, the FAC includes a third claim under the heading "1st and 2nd Claim," with subheadings for a "Third Cause of Action," "Second Cause of Action," and "First Cause of Action," in that order.

pending in the California Court of Appeal, First Appellate District. Case Nos. A160335, A160735, A163530. In the meantime, on May 28, 2021, Javidi filed a "notice of removal" purporting to remove the family law action from the Superior Court to this district. Farokhian v. Javidi, Case No. 21-cv-04069-JST, Dkt. 1. Attached to the notice was a federal court complaint, wherein Javidi alleged two claims to void the Superior Court orders related to child custody and sale of the condo. Id., Ex. A. On June 1, 2021, an order was issued disregarding the notice of removal and treating the action as one originally filed in federal court. Farokhian v. Javidi, Case No. 21-cv-04069-JST, Dkt. 8. The action was dismissed with prejudice for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. Id. Shortly thereafter, on July 14, 2021, Javidi filed the instant action. Dkt. 1. The Superior Court moves to dismiss the same. Dkt. 10.

## II.   LEGAL STANDARD

A party may challenge the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "An attack on subject matter jurisdiction may be facial or factual." Edison v. United States, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." Id. (citation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coalition v. E.P.A., 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

## III.   DISCUSSION

The Superior Court moves to dismiss for lack of subject matter jurisdiction based on sovereign immunity, Younger abstention, and the Rooker-Feldman doctrine; it also moves to dismiss for failure to state a claim. Because the issue proves dispositive, our analysis begins—and ends—with the Rooker-Feldman doctrine.

Taking its name from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Rooker-Feldman doctrine bars federal district courts from exercising subject matter jurisdiction over direct or "de facto" appeals from the judgments of state courts. Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012) (citing Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003)). "'It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" Id. (quoting Noel, 341 F.3d at 1163); see also Skinner v. Switzer, 562 U.S. 521, 532 (2011) (emphasizing that the doctrine is limited to cases "brought by state-court losers…inviting district court review and rejection of the state court's judgments") (internal quotation marks, alteration, and citation omitted).

As stated by the Ninth Circuit, the Rooker-Feldman doctrine "applies even where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1142-43 (9th Cir. 2021) (internal quotation marks and citations omitted); see also Cooper, 704 F.3d at 778 (the doctrine precludes district courts from exercising jurisdiction over constitutional claims that are "inextricably intertwined" with the state court's decision) (quoting Feldman, 460 U.S. at 482 n.16). "Furthermore, the doctrine applies to both final and interlocutory decisions from a state court." Id. (citation omitted). "The doctrine does not depend on the availability of a forum; instead, it exists to protect state courts from collateral attack by a federal judgment." Id. (citation omitted). "[W]here a party alleges extrinsic fraud by an adverse party in procuring a state court judgment," however, "the Rooker-Feldman doctrine does not apply, because such a claim does not challenge the state court decision directly." Id. (citing Kougasian v. TMSL, Inc., 359 F.3d 1126, 1140-41 (9th Cir. 2004).

Here, in his first and second claims for relief, Javidi seeks to void various orders from the family law action on the ground that they were in error. This constitutes a horizontal appeal of those Superior Court decisions, which the Rooker-Feldman doctrine squarely bars. Similarly, in his third claim for relief, Javidi seeks to "dismiss" or set aside

the Superior Court's orders on the ground that they violate his constitutional rights (as well as various California Family Code sections). It is "immaterial" that Javidi frames this claim as a constitutional challenge to the Superior Court's decisions, rather than as a direct appeal. Cooper, 704 F.3d at 781 (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003). Because he asserts as his injury legal errors by the Superior Court and seeks as his remedy relief from that court's decisions, the Rooker-Feldman doctrine bars this claim. Id. (citing Kougasian, 359 F.3d at 1140); see also Bianchi, 334 F.3d at 900 (holding the doctrine precluded adjudication of the plaintiff's claim because the only redress he sought was an "'undoing' of the prior state-court judgment").[2]

Javidi argues that the Rooker-Feldman doctrine does not bar his claims because he alleges extrinsic fraud. Opp'n at 10, Dkt. 19. Javidi asserts that "[a] large section of the Complaint is dedicated to detailing the wrongful acts of [Farokhian] that have 'forced' the wrong orders." Id. at 12. Specifically, the Superior Court's alleged errors were "forced by [Farokian's] gross misrepresentations through her attorney in the absence of evidence, yet alone [sic] 'substantial evidence' …." Id. According to Javidi, the Superior Court "wouldn't have been able to make the legal errors if it wasn't for the misrepresentation, fraud, perjury and misrepresentation [sic] by [Farokhian] and her Counsel." Id.

Javidi's argument is unpersuasive for three reasons. As an initial matter, Javidi's Complaint alleges legal error by the Superior Court (e.g., misapplication of various California Family Code sections) and directly challenges the state court orders on that ground. Such claims are barred by the Rooker-Feldman doctrine. Kougasian, 359 F.3d at

---

[2] Javidi also seeks to "undo" the state court orders by requesting reimbursement of sums the Superior Court awarded Farokhian. Such relief could be awarded only upon a finding that the state court orders were erroneous and would "effectively reverse" the same. Cooper, 704 F.3d at 779 (internal quotation marks and citations omitted). For that reason, it is likewise barred. See id. ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgement.") (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

1140-41 (emphasizing that the plaintiff's claims were not barred because she *did not* allege legal error by the court, but rather, wrongful acts by the adverse party).

Moreover, to the extent Javidi alleges wrongful acts by Farokhian, it does not constitute extrinsic fraud. "'Extrinsic fraud is conduct which prevents a party from presenting his claim in court.'" Id. at 1140 (quoting Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981)). Here, Javidi "fully participated in the [state court] proceedings," and the allegation that Farokhian committed perjury or misrepresented facts in the Superior Court "does not raise an issue of extrinsic fraud." Wood, 644 F.2d at 801 (explaining that, at most, perjury raises an issue of "intrinsic fraud and does not provide a substantive ground for relief"); see also Dixon v. State Bar of California, 32 F. App'x 355, 356-57 (9th Cir. 2002) (holding extrinsic fraud exception inapplicable based on allegations of discriminatory prosecution, use of fabricated evidence, and wrongful exclusion of exculpatory evidence).

Lastly, even if the allegations supported a claim of extrinsic fraud by Farokhian—which they do not—there is no fraudulent conduct committed by the state court. Accordingly, subject matter jurisdiction is lacking as to Javidi's claims against the Superior Court. Because the dismissal is based on lack of subject matter jurisdiction, leave to amend is denied. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper where amendment would be futile).

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT the Superior Court's motion to dismiss is granted without leave to amend. The Clerk shall terminate the Superior Court as a defendant.

IT IS SO ORDERED.

Dated: 7/5/2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge